SEPT'R TERM, 1841.<br><br>King<br>v.<br>Lane.

Judgment affirmed.

---

## KING, administrator, v. LANE.

1. It is a general and well established principle of law, that in contracts, the time of limitation depends on the law of the country in which the action is brought, and not on the law of the country where the contract is made. For although contracts are to be construed according to the laws of the country in which they are made, or according to the laws of that country, in reference to which they are made, yet the remedy on them must be conformable to the laws of that county in which the remedy is sought.

2. The saving of actions against persons out of the State in the 7th sect. of 2d art. of the statute of "Limitation," (R. C. 1835, p. 394,) extends to foreigners, or those who have resided altogether out of the State, as well as to citizens of the State, who may be absent for a time. Whether the defendant be resident of this state, and occasionally absent, or whether he resides altogether out of the State, is not material. If the cause of action arises abroad, it is sufficient to save the statute from running in favor of the party to be charged, until he comes within this State.

Appeal from the St. Louis Circuit court.

*Opinion of the Court by Scott, Judge.*

Wm. B. King and Ann F. Lane were residents of the State of Virginia, in the year 1825. While still residing there, King executed two bonds to Lane, payable in November, 1826, afterwards in the year 1834, King left Virginia and became a resident of this State, and some years there-

after died, and the appellant administered on his estate. Ann F. Lane is still a resident of the State of Virginia, and commenced this suit against the appellant in July, 1840.

The question arising upon this state of facts is, whether an action of debt on the bonds is barred by our statute of limitations, limiting an action of debt on bonds and promissory notes to ten years.

It is a general and well established principle of law, that in contracts the time of limitations depends on the law of the country in which the action is brought, and not on the law of the country where the contract is made ; or in other words, on the lex fori, and not on the lex loci contractus. For although contracts are to be construed according to the laws of the country in which they are made, or according to the laws of that ,country in reference to which they are made, yet the remedy on them must be conformable to the laws of that country in which the remedy is sought. This principle was early recognized in the English jurisprudence.

In the case of Duplex v. De Roven, 2 Vernon, 540, a bill was filed for a discovery of assets and satisfaction of a debt contracted in Rome, and the English Statute of limitations was pleaded, and the court allowed the plea. In the case of Stirthost v. Graeme, 2 Blackstone Rep. 723, and 3 Wilson R. 145, the plaintiff was beyond seas in Germany, and had always resided there. Upon a demurrer to this fact set out in a replication to a plea of non assumpsit, infra sex annos, the court said, if the plaintiff is a foreigner, and doth not come to England in fifty years, he still hath six years after his coming to England to bring his action ; and if he never comes to England himself, he has always a right of action while he lives abroad, and so have his executors or administrators after his death. In the case of Williams v. Jones, 13 East. 439, both plaintiff and defendant resided in India, when the promise on which the action was founded was made, and continued to reside there for more than six years after the making of the promise, and afterwards upon the return of the defendant to England, upon a demurrer to a plea of nonassumpsit, infra sex annos, the court held that the plaintiff was not barred. By the common law the plaintiff

It is a general and well established principle of law, that in contracts, the time of limitation depends on the law of the country in which the action is brought and not on the law of the country where the contract is made. For although contracts are to be construed according to the laws of that country in reference to which they are made, yet the remedy on them must be conformable to the laws of that country in which the remedy is sought.

had an unlimited right of suit, till barred by the statute of limitations. The statute contains exceptions, and if the plaintiff brings himself within those exceptions, there is no statute restraining his right of action. By the word plaintiff in the statute is included as well foreigners as residents; foreigners who are not, and who never have been within the State; and the word defendant also includes foreigners who may contract abroad, and afterwards come into the State. Whether the defendant be resident of the State, and is occasionally absent, or whether he resides altogether out of the State, is not material. If the cause of action arises abroad, it is sufficient to save the statute from running in favor of the party to be charged until he comes within our State. It is not to be inferred that because the statute uses the word "return," that therefore it contemplates only residents, who occasionally go abroad; it was designed to apply to foreigners who always reside out of the State, and who may be found here to be served with process, as well as to residents. In the case of Ruggles v. Keeler, 3 Johnson, Judge Kent, in a masterly manner sustains this construction of the English statute of limitations, which so far as the merits of this case is concerned, is like our own. As to the question, whether this case is to be determined by the act of limitation of 1825 or 1835, it will be remarked, that the 11th section, 3d article of the act of 1835 says, that if the action accrued before the taking effect of the said act, the statute of 1825 shall give the limitation. This action accrued before the act of 1835, and is consequently subject to the statute of 1825. The application of this statute to the pleadings in this cause will show that errors have been committed by the court below in overruling and sustaining demurrers, and this is an apology for not giving a statement of the pleadings. But as on the record all the facts appear, and as there is no dispute about them, and as upon the whole, judgment has been rendered for the party who was in the right, judgment affirmed.

Judgment will still be rendered for the plaintiff against the appellant, as administrator of Wm. B. King, and the judg-

SEPT'R TERM, 1841.

King
v.
Lane.

The saving of actions against persons out of the State, in the 7th sec. of 2d art. of the statute of 'Limitation,' (R. C. 1835, p. 394,) extends to foreigners, or those who have resided altogether out of the State, as well as to citizens of the State, who may be absent, for a time. Whether the defendant be resident of this State, and occasionally absent, or whether he resides altogether out of the State, is not material. If the cause of action arises abroad, it is sufficient to save the statute from running in favor of the party to be charged, until he comes within this State.

ment below being against the appellant personally, is reversed, and judgment will be entered in conformity to this opinion ,and the appellee will pay the costs.