### IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

JANUARY TERM, 1856, AT JEFFERSON CITY.

---

THOMAS, Respondent, v. BLACK, Appellant.

1. The exception in section 7 of article 2 of the statute of limitations of 1845, does not apply where the debtor is a *non-resident* of the state when the cause of action accrues, but only where, being a resident, he is absent.

*Appeal from Buchanan Circuit Court.*

This was an action begun October 11, 1854, upon a sealed note or bond, dated September 16, 1839, and payable January 1, 1840. The defendant relied upon the statute of limitations. It was admitted that, when the note was executed, the defendant resided in Kentucky, where he continued to reside until 1846, when he removed to Missouri, where he has since resided; and thereupon there was a judgment for the plaintiff. The defendant appealed to this court.

*Loan*, for appellant. This case depends upon the construction of the 7th section of article 2 of the limitation act of 1845,

---

NOTE.—SCOTT, J., was indisposed during this term. All the cases of this term were prepared for the press by Mr. SAM'L A. BENNETT, former reporter.

which is materially changed from the corresponding section of the act of 1835, upon which the cases of King v. Lane, (7 Mo. 241) and Tagart v. State of Indiana, (15 Mo.) were decided. ,

*Vories*, for respondent. The statute did not commence running in favor of the defendant until he came to Missouri in 1846. (Tagart v. State of Indiana, 15 Mo. 211; Carter v. Feland, 17 Mo. 383, and cases there cited; Angell on Limitations, § 64 to 68.)

RYLAND, Judge, delivered the opinion of the court.

In this case, the question arises upon the construction of the 7th section of the 2d article of the statute of limitations of 1845. (R. C. p. 717.) The first section is as follows: " The following actions shall be commenced within ten years after the cause of *such* action accrued, and not after. All actions founded on any writing, whether sealed or unsealed, for the direct payment of money or property." " Section 7. If at any time when any cause of action specified in this article accrues against any person *who is a resident of this state,* he is out of this state, such action may be commenced within the times herein respectively limited, after the return of such persons into the state ; and if, after such cause of action shall have accrued, such person depart from, and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of this action."

In this case, the parties admit that the cause of action accrued on the 18th day of January, A. D. 1840. It was founded on a promissory note ; that when the note was executed in September, 1839, the plaintiff and defendant were both living in the state of Kentucky, and that the defendant continued to live in Kentucky until the year 1846, when he removed to the state of Missouri, where he has ever since resided ; that this action was commenced on the 11th day of October, 1854.

The defendant pleaded the statute of limitations to this action. The court found for the plaintiff, and this case is brought here by defendant to have the judgment below reversed.

This case is obviously within the body of the statute. The action accrued in January, 1840, and suit was not brought until October, 1854, more than fourteen years after the cause of action accrued. Now is it within the exception made in the 7th section above quoted? We think that it is not. The person mentioned, as against whom the cause of action accrues in that section, must, at the time it accrues, be a resident of this state. Then, if he, though a resident of this state, be out of it when the action accrues, the action may be brought within the time limited, after the return of such person into the state. The person must be a resident of this state when the action accrues. Here the defendant was a non-resident: he was living in Kentucky, and there continued to live until long after the cause of action accrued. He is not such a defendant as the seventh section was designed to embrace; nor is he embraced by its provisions. Then the statute was in his favor, and the exception does not place him out of the general protection afforded by the statute. This statute of 1845 differs from the statute of 1835, under which the case of King v. Lane, (7 Mo. 241,) was decided: the words, "*who is a resident of this state*," are not inserted in the act of 1835. This is a material distinction. In the case of Tagart, administrator of Slone, v. The State of Indiana, (15 Mo. 209); the question was not considered as under the act of 1845. Neither the counsel for the parties nor the court make any mention of the statute of limitations of 1845; but the case was determined upon the authority of King v. Lane, under the statute of 1835. The counsel for the appellant did insist upon a review of that decision, and the opinion of this court is mainly upon that subject. Nothing is said in the opinion in relation to the act of 1845; but the statute of 1835 is quoted and commented upon, and authorities cited to maintain the view of the court, as delivered in the case of King v. Lane, upon the statute of 1835. If,

therefore, the decision of the case of Tagart, administrator of Slone, v. The State of Indiana, is to be considered as having been made under the statute of 1835 only, and as confirming the doctrine laid down in King v. Lane, it is correct; but if it be considered as made in reference to the act of 1845, it is incorrect, and must be considered as overruled.

The judgment of the court below must be reversed; and the other judges concurring, the same is reversed.