————o————

CHARLES C. WHITTELSEY, Respondent, *vs.* LOUIS ROBERT, Appellant.

1. *Limitation—Statute of—Debtor temporarily in the State—Absence from State —Running of statute.*—Under the act concerning limitations (Wag. Stat., 919, ₰ 16,) if the debtor comes within the jurisdiction of the state, whether temporarily or not, and afterward departs from and resides out of the state, the time of his absence after such departure cannot be deemed or taken as any part of the time limited for the commencement of the action.

*Appeal from Jefferson Circuit Court.*

*J. J. Williams,* for Appellant.

The mere fact that defendant may have visited this state for a short time without changing his residence, did not in any sense affect the operation of the Statute of Limitations.

By the statutes of 1845, 55, 65, if the debtor was a non-resident of this state when the cause of action accrued, the statute began to run in his favor at once, and as nothing stops its operation when once it begins, the action of course would be barred at the expiration of the statutory limitation for commencing an action. (R. C. 1845, p. 717, sec. 7; R. C. 1855, p. 1049, § 12; Wag. Stat., p. 919, sec. 13; Thomas *vs.* Black, 22 Mo., p. 330.)

*C. C. Whittelsey, pro se.*

Whittelsey v. Robert.

ADAMS, Judge, delivered the opinion of the court.

This was a suit for professional services as attorney at law, rendered by plaintiff, and for moneys paid between the years 1850 and 1860.

The only point relied on here is the statute of limitations, which was set up in the answer. The plaintiff replied that the defendant came into this State in June 1855, and departed from this State and resided out of the State ever since.

It was in proof that the defendant was a resident of Minnesota and never has resided in this State ; but that he came to this State in June 1855, and after remaining a short time went out of the State to his home in Minnesota and has never returned. The defendant relies upon the fact that during the whole time that the various items of plaintiff's account were accruing, he was a non-resident of this State—and that the fact of his coming into this State, and then departing from the State, did not stop the running of the statute. The section of the statute of limitations relied on, is precisely the same in the various revisions of the laws of Missouri of 1845, 1855 and 1865, and reads thus : " If at any time when any cause of action herein specified, accrues against any person who is a resident of this State, and he is absent therefrom, such action may be commenced within the respective times herein respectively limited, after the return of such person into the State; and if after such cause of action shall have accrued, such person departs from and reside out of the State, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action. " The first clause of this section was under review by this court, in Thomas vs. Black, 22 Mo. 330, and the distinction was discussed, and shown between that clause and the first clause of the same section of the statute of limitations of 1835 ; and the court held that a party who during all the time of the running of the statute had been a non-resident, and had not been in this State, was protected by such non-residence under this clause of the statute. The last clause of the section above quoted, is word for word the same as the last clause of the section of the statute of 1835,

and must receive the came construction.    Under this clause it is only necessary that the party should be in the State, and depart from and reside out of the State, to stop the running of the statute.

If he comes within the jurisdiction of the State, whether temporarily or not, and afterwards departs from and resides out of the State, the time of his absence after such departure, cannot be deemed or taken as any part of the time.—— (Cook's Ex'r. *vs.* Holmes, 29 Mo., 61.)    The last clause was not touched by the case of Thomas *vs.* Black, and in my judgment it includes all persons who are here as residents, or who are non-residents and only temporarily here, and depart from and remain out of the State after the cause of action accrues.    Any other construction would exclude non-residents entirely from the operation of the statute, and give them a preference not shown to our own citizens.

Under this view the Judgment of the Circuit Court, which was for the plaintiff, must be affirmed.

Judge WAGNER concurs.    Judge BLISS absent.