————o————

JOHN SCROGGS, Appellant, *vs.* JOHN DAUGHERTY, Respondent.

1. *Limitations, statute of—Non-residents—Time when cause of action accrues.* —If, when the cause of action accrues, the party in default is a resident of another State, such non-residence does not prevent the running of the statute of limitations. (W. S., 919, ¿ 16.) [Thomas vs. Black, 22 Mo., 330, affirmed.]

*Appeal from Macon Circuit Court.*

*Ellison & Ellison,* for Appellant.

I. The statute begins to run from the day respondent moved to Missouri. (7 Mo., 241; 15 Mo., 209.)

II. We ask the court to review and revise the decision in 22 Mo., 330.)

*Williams & Overall,* for Respondent.

I. Remedies on contracts are to be regarded and pursued according to the law of the place where the action is instituted; and not by the law of the place where the contract is made. (Bobb vs. Shipley, 1 Mo., 229 ; Cartmill vs. Hopkins, 2 Mo., 220; King vs. Lane, 7 Mo., 241 ; Broadhead vs. Noyes, 9 Mo., 56 ; Dorsey vs. Hardesty, *Id.,* 157 ; Carson vs. Hunter, 46 Mo., 467; Stephens vs. St. Louis Nat. Bank, 43 Mo., 385; Ang. Limit., (Ed. of 1846,) ·Chap. 8, and cases there cited; Pearsall vs. Dwight, 2 Mass., 83 ; Nash vs Tupper, 1 Caines, 402; Ruggles vs. Keeler, 3 Johns., 263 ; Toulandon vs. Lachenmeyer, 6 Abb., Pr., (N. S.,) 215 ; S. C., 37 How .Pr., 145 ; Byrne vs. Crowninshield, 17 Mass., 55.)

Vories, Judge, delivered the opinion of the court.

This action was brought on a promissory note.

The defendant pleaded payment, and also that the cause of action mentioned in the petition did not accrue within ten years before the commencement of the suit.

The plaintiff replied, that the cause of action had commenced within ten years before the commencement of the suit, and also denied the payment.

The case was tried by the court, when the following facts appeared : At the time of the execution of the note, the 1st day of February, 1859, both plaintiff and defendant resided in Keokuk, in the State of Iowa, that the note was due and payable sixty days after date, that a short time after the execution of the note defendant moved to Warsaw, Illinois, where he resided until 1834, when he moved his residence to Macon county in this State, where he has ever since resided. The suit was commenced on the 28th of September, 1872. There is no pretense, that the defendant either absconded or concealed himself, or that plaintiff was ignorant of the residence of defendant.

The evidence in reference to payment is conflicting, and no point is made on that question.

The court found the issue on the plea of the statute of limitations in favor of the defendant, after making declarations of law on that subject at the request of the defendant.

The plaintiff filed motions for a new trial and in arrest of judgment, which being overruled by the court, the plaintiff excepted, and appealed to this court.

The case was determined in the Circuit Court entirely on the defendant's plea of the statute of limitations. It is conceded, that more than ten years had elapsed after the maturity of the note and before the commencement of the action ; but it is contended by the plaintiff, that under our statute the statutory bar only commenced to run from the time that the defendant arrived in this State, and that ten years have not elapsed since that time. To sustain this view of the law, we are referred to the cases of King vs. Lane, 7 Mo., 241, and

Tagart vs. State of Indiana, 15 Mo., 209. The case of King vs. Lane was decided under the statute of 1835, by the seventh section of which it was provided, that "If at the time when any cause of action specified in this article accrues against any person, he be out of this State, such action may be commenced within the times herein respectively limited, after the return of such person to the State, and if after such cause of action shall have accrued, such person depart from, and reside out of, this State, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." The court held in that case, that it made no difference whether the defendant was a resident of the State and was occasionally absent, or whether he resided altogether out of, the State, and that if the cause of action arose abroad, it was sufficient to save the statute from running until the defendant came into this State, and that the word *return* being used in the statute was not sufficient to limit the saving clause of the statute to residents of the State.

After this construction of the statute by this court, the statute of 1845 was passed, which is identical with the statute now in force. In that statute, the language of the section referred to was changed so as to read as follows : " If at any time, when any cause of action specified in this article accrues against any person who is a resident of this State, he is out of this State, such action may be commenced within the times herein respectively limited after the return of such person into the State, &c." The language of this section, as changed in 1845, is plain, and does not admit of any mis-construction, and was evidently intended to obviate the construction given the previous statute in the case of King vs. Lane. The case of Tagart vs. The State of Indiana was decided after the passage of the act of 1845 ; but the change made in the statute was not noticed by the attorneys in the case or by the court, but the act of 1835 was referred to and relied on by the court, and the case of King vs. Lane re-affirmed, without any reference to the statute of 1845. After this de-

cision the case of Thomas vs. Black, (22 Mo., 330,) was brought
before the court, in the argument of which attention was
called to the statute of 1845, and the change made in the lan-
guage of the seventh section.   The court carefully reviewed
the case of Tagart vs. Indiana, and the decision in that case
was expressly overruled, and it was then held, that the sav-
ing clause of the statute only applied to cases of defendants
who were residents of the State at the time the cause of ac-
tion accrued ; and we see no room for a different construction
of the statute.   It follows that the court properly declared.
the law, and we think that the statute of limitations was well
pleaded, and that the judgment properly rendered for the de-.
fendant.

The other Judges concurring, the judgment is affirmed.