Fike v. Clark.

AUSBY FIKE, Defendant in Error, *vs.* GEO. M. CLARK, Plaintiff in Error.

55 105<br>36a 235

1. *Practice, civil —Instructions—Evidence.*—Instructions having no evidence on which to base them should not be given.

2. *Limitations, statute of—Absence of defendant from State—Const. Stat.*—The exception in the statute of limitations, which prevents time from being a bar on account of the absence of the defendant from the State, (Wagn. Stat., 919, § 16,) only applies to those who were residents of the State at the time the cause of action accrued.

*Error to Bates Circuit Court.*

*Page & Holcomb*, for Plaintiff in Error, relied on Thomas vs. Black, 22 Mo., 330.

*S. A. Riggs*, for Defendant in Error.

SHERWOOD, Judge, delivered the opinion of the court.

This was an action originally commenced April, 15th, 1871, before a justice of the peace, on a promissory note for $32.91 due one day after date, and dated January 2nd, 1860, executed by defendant to plaintiff. There was a credit on the note for $8.00 dated April 2nd, 1860. Defendant pleaded the statute of limitations, but plaintiff had judgment. Defendant appealed to the Circuit Court, and there renewed his plea of the statute, though without avail, as the court on trial anew again gave judgment for the plaintiff.

On the trial it appeared, that at the date of the execution of the note both parties resided in or near Mascoutah in the State of Illinois; that defendant left there in the night time, and emigrated to the State of Kansas, in the year 1861, and has ever since that time resided in that State, except that during the years 1867 and 1868 he resided in Bates county, Missouri; that during the year 1864 he went back to Mascoutah, Illinois, and while there saw the plaintiff, who since the year 1866 has been a resident of Henry county in this State. There was no evidence tending to show that defendant has concealed, or attempted to conceal himself, or that plaintiff was unaware, from the time the note became due until said suit

Smith, Adm'r v. Monks.

brought, of the whereabouts and place of residence of the defendant.

Under this state of facts the declarations of law given at the instance and on behalf of the plaintiff, to the effect that concealment, or other improper act of the defendant, would prevent the statute of limitations from running, were manifestly improper and should have been refused, as having no evidence whereon to base them.

The defendant was refused declarations of law to the effect, that on the facts as proven the statutory bar had attached in the present case, and that the exception in the statute of limitations, which prevented time from being a bar on account of the absence of the defendant from this State, only applied to those who were residents of the State at the time the cause of action accrued. This position of the defendant was undoubtedly correct and clearly applicable to the evidence adduced. Wagn. Stat., 919, § 16, which is a literal transcript of R. C. 1855, p. 1049, § 12, and R. C., 1845, p. 717, § 7, is confined exclusively to that class of persons therein enumerated, *i. e.* residents of this State when the cause of action accrues. The section referred to has received judicial construction and it is therefore no longer a mooted question. (Thomas vs. Black, 22 Mo., 330.)

Judgment reversed. All the judges concur.