ORR v. WILMARTH, *Appellant.*

1. **Statute of Limitations**: NON-RESIDENT DEBTOR. A debtor who is a non-resident of the state when the cause of action accrues, though he returns after the accruing of such action temporarily on business, is not within Revised Statutes, section 3236, which provides that if, at any time when a cause of action accrues against a resident of this state and he is absent therefrom, such action may be commenced within the times limited in the statute after his return to the state, and if, after the cause of action shall have accrued, he depart from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of such action.

2. ———: ———. Said section (R. S., sec. 3236) has no application where the debtor was a non-resident when the cause of action accrued.

3. **Objection to Evidence**: SUPREME COURT. An objection to evidence not made on the trial or in the motion for a new trial will not be regarded in the Supreme Court.

*Appeal from Clinton Circuit Court.*—HON. G. W. DUNN, Judge.

REVERSED AND REMANDED.

*S. H. Corn* and *T. J. Porter* for appellant.

(1) The petition failed to state a cause of action in that it did not state that Wilmarth used the judgment in payment of his bid at the sale of the land under the execution. *Hacker v. Brown*, 81 Mo. 68. (2) The court erred in giving plaintiff's instruction numbered one. There was no evidence on which to predicate it. There was no evidence that "Wilmarth used the judgment in payment of his purchase" of the land at the execution sale. The amount bid covered only the prior liens and costs, and was paid in cash by House and charged to

Orr v. Wilmarth.

Wilmarth's account. *Turner v. Baker*, 42 Mo. 13; *Karrger v. Webb*, 42 Mo. 44; *Kamp v. Helan*, 43 Mo. 591; *Georges v. Hufschmidt*, 44 Mo. 179; *Harper v. Railroad*, 44 Mo. 488; *Brown v. Ins. Co.*, 86 Mo. 51; *Skyles v. Bollman*, 85 Mo. 35. (3) The court erred in giving instruction numbered two for the plaintiff and in refusing instruction numbered three asked by defendant. *Thomas v. Black*, 22 Mo. 330; *Schraughs v. Daugherty*, 53 Mo. 497; *Fike v. Clark*, 55 Mo. 105; *Zoll v. Carnahan*, 83 Mo. 42. There is no dispute about the facts upon which these instructions are predicated except only as to the time when the cause of action accrued. (4) The court erred in refusing to direct a verdict for the defendant upon the pleadings and evidence. *McCowen v. Craig*, 39 Mo. 156; *Callahan v. Ward*, 40 Mo. 137; *Boland v. Railroad*, 36 Mo. 491; *Clark v. Railroad*, 36 Mo. 216. It is error for a court to instruct a jury to find a verdict upon testimony which is incompetent and inadmissible. *Price v. Railroad*, 72 Mo. 414; *Waldhier v. Railroad*, 71 Mo. 514.

*Ramey & Brown, Roland Hughes, H. C. McDougal* and *F. B. Miller* for respondent.

(1) The petition is sufficient. It does state that plaintiff's judgment was used by Wilmarth in the purchase of the land. (2) The plea of the statute of limitations does not avail plaintiff. *Whittlesey v. Robert*, 31 Mo. 120. (3) The statute in any event would not begin to run until plaintiff's cause of action accrued, which was not until the proceeds of the resale were collected. *Butler v. Lawson*, 72 Mo. 227; *Haines v. Ross*, 86 Mo. 89; *Dyer v. Whittlesey*, 89 Mo. 94. (4) The statute of frauds is not applicable. *West v. Bundy*, 78 Mo. 407.

BLACK, J.—Joseph T. Zimmerman owed D. G. Wilmarth sixteen hundred dollars for borrowed money.

He also owed the amount of two notes, one payable to House & Brown for two hundred and seventy-two dollars, and the other to Rogers for two hundred dollars. These three debts, which were secured by a lien on two parcels of land, were assigned to the plaintiff, William Orr, in July, 1871; and he prosecuted a suit thereon in his own name against the Hannibal and St. Joseph Railroad Company, the administrator of Zimmerman, and three other persons, which suit resulted in a finding that there was due to Orr, twenty-six hundred and twenty-eight dollars, and a decree that the land be sold subject to any balance due to the railroad company, and, after the payment of twelve hundred and fifty dollars on a prior lien, the residue of the proceeds be applied to the payment of costs and debt found to be due to William Orr. This decree was obtained on the thirteenth of August, 1874.

The petition goes upon the theory that Orr was the real owner of the judgment or decree. It in substance alleges that Wilmarth desired to buy the land, and that he and plaintiff made an agreement whereby Wilmarth was to have the use and benefit of the judgment, at a sale thereunder, and if Wilmarth became the purchaser of the land, then he was to pay off all prior liens and all of the costs of the suit and sale, and as soon thereafter as he sold the land and collected the proceeds, he would pay to plaintiff the full amount of the judgment and interest; that the land was sold under the agreement on the fourteenth of August, 1876, and Wilmarth became the purchaser, through an agent; that he paid off the prior liens, and then sold the lands for fifty-five hundred dollars. The further allegations are, that Wilmarth took in payment for the land, when sold by him, various notes and mortgages besides one thousand dollars in cash; that, at the time of the sale of the lands by Wilmarth, he resided in the state of New York where he continued to reside until his death, in

May, 1877; that his wife, the defendant, is his sole legatee; that she, as such legatee, collected the notes received by her husband for the sale of the lands, the last collection having been made in July, 1884; that no part of the plaintiff's judgment has been paid; and that no letters of administration have been granted upon the estate of Wilmarth in this state. The prayer is for a personal judgment against the defendant. Such a judgment was recovered by the plaintiff for over four thousand dollars, and defendant appealed.

1. A contention was made, by way of an objection to the introduction of any evidence, that the petition is insufficient in this, that it does not show that Wilmarth actually used the judgment in the purchase of the land at the sheriff's sale. The allegation is clear and explicit that he did purchase the land under the alleged agreement, and that is sufficient. No other objections are made to the sufficiency of the petition, and we do not stop to inquire whether this suit can be maintained against the defendant as legatee under the circumstances alleged.

2. Wilmarth employed the attorneys who prosecuted the lien suit, paid their fees and the expenses in enforcing the lien against the land, and there are many other circumstances which go to show that plaintiff had no interest in the judgment; that it really belonged to Wilmarth, and especially that portion represented by the sixteen hundred dollar debt. On the other hand, there is evidence tending to show that Orr held the part of the judgment represented by the two small debts in trust for persons other than Wilmarth; and that he held one-half of the part represented by the sixteen hundred dollar debt for Harwood, the attorney who prosecuted the lien suit. The other half Orr claims himself, but for what consideration does not very satisfactorily appear. But all these were questions for the jury, and the court seems to have given all the instructions asked by defendant in respect of them.

3. It was shown that the plaintiff testified in another suit that the agreement with Wilmarth was that he (Orr) was to have the half of the judgment when the property was sold on the execution, that his right to half did not depend upon a re-sale of the property. If this be true, and it was for the jury to say whether it was or not, then plaintiff's cause of action accrued on the fourteenth of August, 1876, more than five years before the commencement of this suit; it was commenced April 19, 1884. It is conceded that prior to August 14, 1876, and ever after, Wilmarth resided in the state of New York. If the case, on the theory that this evidence of the plaintiff is true, is taken out of the statute of limitations, it is because of the first clause of section 3236, Revised Statutes, 1879. It is well settled that this clause applies only to cases where defendant resided in this state at the time the cause of action accrued. *Thomas v. Black*, 22 Mo. 331; *Scroggs v. Daugherty*, 53 Mo. 497; *Fike v. Clark*, 55 Mo. 105. The defendant's third instruction, therefore, should have been given. But if the cause of action accrued first against the defendant, as legatee, then the plaintiff's second instruction is wrong in telling the jury that in computing the time of five years they should not count the time while defendant resided in New York, after her return to this state in 1878. She has at all times resided in the state of New York since the death of her husband. She came to this state temporarily and on business, in 1878, in 1879, in 1882, and in 1884, remaining two or three weeks each time. The exception relied upon by the plaintiff to support such a declaration of law can only be the second clause of section 3236, Revised Statutes. That clause, like the preceding one, has no application to cases where the defendant was a non-resident when the cause of action accrued. A different construction was given to it in *Whittlesey v. Robert*, 51 Mo. 120; but in the recent case of *Zoll v. Carnahan*, 83 Mo. 42, this court said,

that to bring a case within this exception the proof should show two facts,—first, that at the time the cause of action accrued the debtor was a resident of this state, and, second, that thereafter he departed from and resided out of the state. This is clearly the meaning of the clause in question; for the whole section proceeds upon the hypothesis that the debtor was a resident of this state when the cause of action accrued.

4. Objection is made to much of the evidence of Mr. Harwood, who was the attorney for Mr. Wilmarth, because it consisted of communications made by client to attorney; but no such objection was made on the trial, or in the motion for a new trial, and the objection cannot, therefore, be noticed in this court.

The judgment is reversed and the cause remanded. All concur.