## SAUTER v. LEVERIDGE, *Appellant.*

### DIVISION ONE.

| 103 | 615 |
| 114 | 519 |
| 103 | 615 |
| 129 | 335 |
| 103 | 615 |
| 66a | 660 |
| 67a | 445 |
| 103 | 615 |
| 143 | 556 |
| 75a | 322 |
| 103 | 615 |
| 153 | 367 |
| 153 | 371 |
| 103 | 615 |
| 85a | 457 |
| 103 | 615 |
| 87a | 622 |

1.  **Practice:** MOTION TO STRIKE OUT PETITION: WAIVER. Where a motion to make a petition more definite, or to strike out an amended petition because of a departure, has been overruled and the defendant thereafter answers to the merits, he, by so doing, waives any error in the action of the court on the motions.

2.  **Statute of Limitations:** ABSENCE FROM STATE. Where, after a cause of action accrues against a person, he departs and resides out of the state, the time of his absence will not be counted in his favor in computing the running of the bar of the statute of limitations. (R. S. 1879, sec. 3236.)

3.  **Practice:** LOST NOTE: INDEMNITY BOND. The execution of a bond by plaintiff, or a tender thereof in his petition, is not a necessary condition precedent to the bringing of an action on a lost negotiable note.

4.  ———: ———: ———. The bond required by Revised Statutes, 1879, section 3652, is all the indemnity required under our practice in a suit on such lost note.

5.  **Lost Note, Assignability of.** A debt evidenced by a negotiable promissory note lost years after it had matured and had lost its negotiability can be assigned by an instrument in writing.

6.  **Assigned Note:** FRAUDULENT TRANSFER. It is no defense in an action on a note which has been assigned by the payee that the transfer was made with the purpose of putting the proceeds beyond the reach of the payee's creditors.

7.  **Practice:** LOST NOTE: INDEMNITY BOND. Where one of two partners is sued on a firm note which is shown to be lost, he cannot complain that an indemnity bond required by Revised Statutes, 1879, section 3652, is so drawn as to secure him alone against claims of other persons on the note.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL,
Judge.

AFFIRMED.

*English & Stonestreet* for appellant.

(1) The court erred in overruling defendant's motion to strike out plaintiff's amended petition. (2) The court erred in overruling defendant's demurrer to plaintiff's amended petition. On a lost negotiable instrument an action of law cannot be maintained, but the suit must be in equity. Story on Prom. Notes [19 Ed.] sec. 108; 2 Greenleaf on Ev. [14 Ed.] sec. 156; *Rowley v. Ball*, 3 Cowen, 303; *Mayor v. Johnson*, 3 Camp. 324; *Champion v. Ferry*, 3 B. & B. 295. This rule, however, is modified in many of the states by statute which authorizes actions at law to be brought on lost notes and bills. Section 3651, Revised Statutes of 1879, authorizes such suit when the bill or note is lost by the party suing. Section 3652 entitles such party to recover when he gives bond to be approved by court. This court has approved such action. *Eans v. Bank*, 79 Mo. 182–5. But that is as far as this court could go, because the statute, section 3657, specially limits this right to actions where it "appears on the trial that such note or bill was lost or destroyed while it belonged to the party claiming the amount due thereon." Section 544, Revised Statutes, precludes this action and remits a party to common law or equitable remedy. (3) The owner of a lost bill of exchange could not sue at law. Byles on Bills, 384; Chitty on Bills & Notes, 307; Story on Prom. Notes, sec. 108; Randolph on Com. Paper, sec. 1697. The assignee of an indorsed bill lost after maturity cannot sue. (4) The court erred in admitting the written assignment in evidence over objections of defendant, for the reason that a lost negotiable promissory note is not assignable, and for the further reason that this instrument did not purport to be an absolute assignment. *Allen v. Newbury*, 8 Ia. 67. (5) The court erred in overruling defendant's demurrer to plaintiff's evidence. This action is unquestionably an equitable one, the

plaintiff having at most only an equitable title to the notes. But, as we have shown, such an action cannot be maintained. R. S. 1889, sec. 734; *Long v. Constant,* 19 Mo. 320.

*George R. Thompson* for respondent.

(1) The plaintiff waived any error in the action of the court in striking out the amended petition by pleading to the merits and going to the trial. *Scoville v. Glasner,* 79 Mo. 455; *Silver v. Railroad,* 21 Mo. App. 9. (2) Section 3651 is a remedy merely cumulative and is declaratory of the common law. *State v. Bittinger,* 55 Mo. 596. There has always been the remedy at law as well as in equity upon lost negotiable instruments in the states where law and equity powers were vested in the same tribunals, for the reason that the courts of such states had power to require indemnity independent of statute. 3 Randolph on Commercial Paper, sec. 1699; *Bridgeford v. Mfg. Co.,* 34 Conn. 546; *McGregory v. McGregory,* 107 Mass. 543; *Bisbing v. Graham,* 14 Pa. St. 14; *Bank v. Warren,* 4 Sneed, 167; *Fales v. Russell,* 16 Pick. 315; *Welton v. Adams,* 4 Cal. 37; *Donelson v. Taylor,* 8 Pick. 390. (3) The remedy at law always did exist upon notes lost after maturity, for the reason that the purchaser could get no better title than the finder, and could not collect from the maker. *Mowery v. Mast,* 14 Neb. 510; *Elliott v. Woodward,* 18 Ind. 183; *Thayer v. King,* 15 Ohio, 242; 2 Parsons on Notes and Bills, ch. 9, p. 279; 2 Pomeroy's Equity Jur., sec. 832, p. 290; *Chaudron v. Hunt,* 3 Stewart (Ala.) 37. (4) But even if there be no common-law remedy in Missouri on negotiable paper lost after maturity, the equitable remedy remains. *Pratt v. Clark,* 57 Mo. 189; *Harrington v. Utterback,* 57 Mo. 519. The petition is good in equity. 3 Randolph on Commercial Paper, sec. 1700; 2 Parsons on Notes & Bills, p. 302, ch. 9; *Burrows v. Goodhue,* 1 Greene (Iowa) 48; *Bank v. Morrall,* 16 West Va. 546;

*Chaudron v. Hunt*, cited above. (5) Respondent waived a jury, tried the case without objection as a law case, and cannot now for the first time ask for a trial on the equity side of the court. *Commiskey v. Pike*, 20 Mo. App. 83. (6) The same judgment would be inevitable if the trial had been on the equity side of the court. Harmless error is no ground for reversal. *Hoskinson v. Adkins*, 77 Mo. 537; *State ex rel. v. Edwards*, 78 Mo. 473; 2 Thompson on Trials, sec. 2403.

BRACE, J.—This action was commenced in the Jackson circuit court on the thirteenth of April, 1887. In the original petition the plaintiff declared in one court on two promissory notes, each dated the twenty-fourth of November, 1869, and bearing ten-per-cent. interest; one payable nine months after date for the sum of $600, and one payable twelve months after date for the sum of $500, and both alleged to have been executed and delivered by the defendant to one C. F. Aehle and by him indorsed and transferred to the plaintiff. The notes counted on were not filed with the petition. A demurrer was sustained to this petition and the plaintiff filed an amended petition in two counts the first of which, omitting caption, is as follows:

"Now comes the plaintiff and by leave of the court for that purpose first obtained files this, his amended, petition, and for his first cause of action says:

"The full name of said defendant served with summons herein is James Munroe Leveridge; that on the twenty-fourth day of November, 1869, said defendant was doing business at Boonville, Missouri, as member of the firm of Wilson & Leveridge, and on said day said firm, for valuable consideration, executed and delivered to one C. F. Aehle their promissory note of said date, whereby said firm promised to pay to said Aehle, in twelve months from said date, the sum of $500, with ten-per-cent. interest per annum after maturity.

"Plaintiff says that on or about the twentieth day of December, 1886, said Aehle, for valuable consideration, duly transferred and assigned said note to this plaintiff. No part of said sum or interest has been paid, and no payments have been made upon said note, but said firm has failed and refused to pay the same or any part thereof.

"Plaintiff says there is now due him on said note from defendant the sum of $1,375. Plaintiff says, that after the aforesaid cause of action accrued against the defendant, who was then a resident of this state, and in the year 1873, said defendant departed from this state and has ever since resided out of the same, up to the present time. Plaintiff alleges, as an excuse for not filing said note herewith, that the same is lost. Wherefore, plaintiff, prays judgment against defendant for said sum of $1,375."

The second count was in the same form on the $600 note. A general demurrer to the amended petition having been overruled, the defendant filed a motion to strike out said petition for the reason that it sets forth different causes of action from those contained in the original petition.

This motion having been overruled, the defendant then filed a motion to require the plaintiff to make his petition more certain in this, "that it shall show when the notes sued on were lost, if before or after the alleged assignment thereof." This motion being overruled, the defendant filed the following answer, to the first count of the petition :

"Defendant, for answer to first count of plaintiff's petition, states that he admits the execution of the note in said count described, but states that the same was a negotiable promissory note under the statutes of Missouri. Defendant further states that the cause of action stated in said count accrued more than ten years before the filing of the petition herein, and is barred by the

statute of limitations of this state.    Defendant denies
each and every allegation in said count not herein
admitted."

To the second count precisely the same answer was
made.    The case was submitted to the court without a
jury.

All the allegations of the petition including the loss
of the notes were fully and fairly proved by the evi-
dence introduced by the plaintiff; the defendant offered
none, but, at the close of the evidence, asked the court
to give an instruction in the nature of a demurrer to the
evidence, which being refused, asked the court to give
the following instructions which were also refused:
"1.    If one of the objects of the transfer of the notes
by Aehle to the plaintiff was to put the proceeds or any
part of them beyond the reach of his creditors, and the
plaintiff knew it, then the plaintiff is not entitled to
recover in this action.

"2.    The court declares the law to be that before
the plaintiff was entitled to bring this action it was his
duty to cause to be executed in favor of the defendant
a bond in double the amount of the notes sued on, with
two sufficient securities, to be approved by the court, con-
ditioned to indemnify the defendant against all claims by
any other person on account of such note, and against
all costs and expenses by reason of such.

"3.    The court declares the law to be that, if the
notes sued on in plaintiff's petition were lost before
they belonged to the plaintiff, the plaintiff cannot
recover in this action."

The court found for the plaintiff on the first count
in the petition and assessed his damages thereon at
$1,314, and on the second count and assessed his dama-
ges at $1,592—then made a further finding and rendered
judgment as follows:

"And it appearing on the trial of this cause that
each of the aforesaid notes upon which the plaintiff's
causes of action were respectively founded was lost,

Sauter v. Leveridge.

while they belonged to the party claiming the amount due thereon, the said plaintiff now executes and files a bond to the defendant in the penalty of sixty-five hundred dollars ($6,500), more than double the amount of both of said notes, with Theodore Stenger and F. T. Hadlond as securities, conditioned to indemnify the defendant against all claims by any other person on account of such notes, and against all costs and expenses by reason of such claims, which bond being found to be in sufficient penalty, due form and with two sufficient securities is by the court approved. It is, therefore, considered and adjudged by the court that the said plaintiff have and recover of and from the said defendant the sum of twenty-nine hundred and six dollars ($2,906), the aggregate amount of the damages assessed by the court as aforesaid, with interest thereon from this day at the rate of ten per cent. per annum with his costs," etc.

Defendant's motions in arrest and for new trial having been overruled he appeals. The points urged for a reversal of the judgment will be noticed in the order of appellant's brief.

I. The court did not err in refusing to strike out the amended petition. It needs but a comparison of the original, the substance of which is herein set out in the statement with the amended petition, to see that the same cause of action is declared upon in each. The defendant, however, did not stand upon his motion to strike out, but answered the amended petition, and is not in position to raise this objection after trial on the merits. *Scoville v. Glasner*, 79 Mo. 449 ; *Fuggle, Adm'r, v. Hobbs*, 42 Mo. 537 ; *Silver v. Railroad*, 21 Mo. App. 5. The same rule applies to the motion to make the petition more certain. Bliss on Code Pleading, 425 *a*.

II. The uncontradicted evidence is, that the defendant at the time the cause of action accrued was a resident of this state ; that in 1873, after such cause of action had accrued, he departed from and ever since has resided out of the state, bringing the case literally

within the terms of the second clause of section 3236, Revised Statutes, 1879, and of the allegations of the petition; the action, therefore, was not barred by the statute of limitations. *Zoll v. Carnahan*, 83 Mo. 35; *Orr v. Wilmarth*, 95 Mo. 212; *Cook's Ex'r v. Holmes*, 29 Mo. 61.

III. The next point made by counsel for appellant is that the plaintiff cannot maintain this action unless the petition sets forth that the notes were lost before they were transferred to him and is accompanied by a good and sufficient bond of indemnity, or at least makes a tender thereof, as he contends would have been necessary in a bill in equity under the chancery practice. This position is readily answered by the statute. We have but one form of action in this state for all causes whether formerly of common law or equitable cognizance, and one court of general jurisdiction to try them; all that it is necessary for the petition to contain is "a plain and concise statement of the facts constituting a cause of action," with a demand for the relief which the plaintiff supposes himself entitled to; from this the court determines the mode of trial, whether as an action at law or in equity, and, as if to relieve the question of mode of procedure of all difficulty in cases of actions on lost instruments and secure the defendant all the protection which a court of equity could have given him under the former practice, the statute provides specifically for such cases, that an action may be maintained on any instrument of writing notwithstanding it may be lost or destroyed, and in every such action it shall be sufficient for the party to allege the loss or destruction thereof ( R. S. 1879, sec. 3560 ), and in any suit founded upon a negotiable promissory note if *it appear on the trial* that such note was lost or destroyed while it belonged to the party claiming the amount due thereon, parol evidence may be given of its contents and a recovery may be had thereon. Sec. 3651.

*Sauter v. Leveridge.*

But, "to entitle a party to such recovery, he or some responsible person for him shall execute a bond to the adverse party in a penalty," etc. (sec. 3652), as was required and given in this case, the trial of which was had in strict conformity with the requirements of these statutory provisions, and the indemnity to which the defendant says he is entitled, as amply secured to him as it could have been under the former chancery practice, whether the promissory notes were lost before or after maturity, before or after they were assigned to the plaintiff, who stands in the payee's shoes and is entitled to the same right of action thereon, as he had before the assignment. There is nothing in this position, and the court committed no error in refusing the second instruction, or the instruction in the nature of a demurrer to the evidence, or in overruling the motion in arrest of judgment.

IV. The next error complained of is the admission of the written assignment in evidence, "for the reason that a lost negotiable promissory note is not assignable, and for the further reason that this instrument did not purport to be an absolute assignment." Counsel cite no authority to support the legal proposition, and if by it he means that a debt evidenced by a negotiable promissory note, lost years after the note had matured and had lost its negotiability, cannot be assigned by an instrument in writing, the proposition obviously cannot be maintained, and unless he does so mean there is no point in it. By the instrument the payee "assigned and transferred" "with full power to sue and collect all his right, title and interest in the claim" evidenced by these notes to the plaintiff; this was an absolute assignment; the words, "with full power to sue and collect," detract nothing from the absoluteness of the assignment, but can be only construed to mean a grant of additional power and right to sue in the name of the assignor if necessary. There was no error in refusing the third instruction.

V. The first instruction was properly refused. There was no issue in the case to which it could apply. Sections 5169, 5170, Revised Statutes, 1889, to which we are cited in support of it, is an enactment for the protection of creditors and purchasers, and not for the protection of the debtor.

VI. The bill of exceptions does not contain the bond, but the recitals in the judgment show that the bond was in strict conformity with the statute and conditioned as therein required to indemnify the defendant,—the only adverse party, and he has no ground of complaint that it was not conditioned to indemnify the other member of the firm who was not sued. Sec. 3652, *supra.*

We find no error in this record calling for a reversal. The judgment is, therefore, affirmed. All concur.