## ST. JOSEPH & GRAND ISLAND RAILWAY CO., Respondent, v. ELWOOD GRAIN CO., Appellant.

Kansas City Court of Appeals, April 29, 1918.

1. **RUNNING ACCOUNT: Intention: Limitations.** Plaintiff residing in Kansas had claims against the defendant for demurrage and for freight charges. As these charges accrued plaintiff presented them to defendant, who rejected some and paid others. The evidence showed that these claims were not intended to constitute one running open account. It was *held* that the last item within the statute of limitations would not save the earlier items which were without the statute from the bar of limitations.

2. **STATE OF LIMITATIONS: Remedy: Statute of Forum.** The Statute of Limitations pertains to the remedy and the law of the forum applies except where there is a statute in the State where the remedy is sought, which applies the statute of the foreign State; such as Sec. 1895, R. S. 1909, of the Missouri statute.

3. **FOREIGN STATE: Limitations: Statute Applying Foreign Limitations.** A cause of action arose and accrued in the State of Kansas. The creditor resided in that State and the debtor resided in Missouri. The Statute of Limitations in Kansas was for three years for such claims, while that in Missouri was five. It was provided in Sec. 1895, R. S. 1909, of the Missouri statute that when a cause of action accrued in a foreign State and was barred by the limitations in that State it should likewise be barred in Missouri. It was *held* that the cause of action being barred in Kansas, was also barred in Missouri.

4. **LIMITATION: Estoppel.** If a defendant verbally agrees, on valid consideration, not to plead the Statute of Limitations, he will be estopped from pleading it. But such promise should be pleaded and proven. Mere request not to sue made by a debtor to a creditor will not sustain an estoppel.

Appeal from Buchanan Circuit Court.—*Hon. Thos. B. Allen*, Judge.

REVERSED AND REMANDED.

*John E. Dolman* and *O. E. Schultz* for appellant.

*Robert A. Brown* and *Richard L. Douglas* for respondent.

ELLISON, P. J.—Plaintiff's action is based on an account for demurrage, for freight due from defendant and for switching service. The cause was referred to a referee who found for the plaintiff $476 for demurrage and $85.04 for freight. The charges for switching were disallowed. The circuit court approved the referees report and judgment being rendered for plaintiff, defendant appealed.

Plaintiffs account arose primarily from the building of an elevator at Elwood, Kansas, by the defendant near by the tracks of plaintiff's railway. A lengthy contract was drawn between them relating to shipments of grain, and also of a variety of kinds of material used in the construction of the elevator, and repairs thereon. The contract gave defendant various privileges and rights. Out of this grew plaintiff's claim. The question in the case involves the Statute of Limitations of Kansas and Missouri, and, also, what constitutes a running account; and incidentally, whether there is an estoppel against defendant.

The action was begun on the 19th of September, 1914. The account for demurrage began December 7, 1907, and continued down into 1912, a date within the three-year period of limitation prescribed by the Kansas statute. The freight item for four cars of sand, is dated August 6, 1907. The limitation period in Kansas is three years and in this State it is five, the suit having been commenced on the 19th of September, 1914, defendant insists that all items of date more than three years prior to that time, are barred by the Kansas statute, and, as we shall presently see, also by our statute. If defendant is correct, then the freight charge and the principal part of the demurrage charge ought not to have been allowed against it. But plaintiff contends that its entire account was one single matter, made up of different items, that is, that it was an open running account and that the Statute of Limitations did not begin to run until the date of the last item in 1912, which

was less than three years before the suit was brought. So this phase of the case depends on the character of the account.

The law in this State is that when the account is a continous "running account, and it is fairly inferable from the conduct of the parties while the account was accruing, that the whole was to be regarded as one, as in the case of a merchants account against a customer, none of the items are barred by the statute unless all are." [Ring v. Jamison, 66 Mo. 424, 428; Chadwick v. Chadwick, 115 Mo. 581, 586; Sidway v. Land and Live Stock Co., 187 Mo. 649, 669.]

This leaves to be determined whether, while this claim was accruing, the parties regarded it, and understood it, as constituting one claim, as is the case, for example, of an ordinary merchant's account against a customer. We think it clear from the evidence showing the conduct of the parties, that it was not so understood at that time. For it appears that it was the practice of the plaintiff to render to defendant from day to day, as the service was had, an itemized statement of what was due the plaintiff; that defendant would take such statements, go over them and check off the items which it considered it owned and that it proposed to pay. It would then make out its check to plaintiff for such items, together with a statement of the particular items it was paying and plaintiff then entered on its books as paid, the items so designated by defendant. It appeared in evidence that the items which defendant repudiated were such as it insisted it did not owe under its contract, and for various other reasons. It seems to us apparent that neither of these parties regarded plaintiff's claim at the time of the transactions upon which it is founded, as an open continuous account made up of different items constituting one.

The evidence in plaintiff's behalf shows conclusively that as each service in suit was performed it was then regarded by plaintiff as an accrued claim for which a bill was made out and payment refused by defendant. It must be borne in mind that the bills made out and

sent to defendant when the service was performed were not mere memoranda for the information of the purchaser of an account and a credit, the account to continue on, but they were statements of accounts then due for specific charges and payment then demanded." But though not a running open account whereby the last item within the period of limitation would save those older items which are without that period, any of plaintiff's claims that are within the period may be recovered, and we must consider the case from that standpoint. The claim originated in Kansas and was to be performed in that State. Uninfluenced by a statute to the contrary the limitation law of the former (which governs the remedy) applies. But in this State, since the revision of 1899, as we shall presently see, we have had a statute to the contrary. [Sec. 1895, R. S. 1909.]

He must therefore inquire whether plaintiff's claims are barred by the Statute of Limitations of Kansas (prescribing a period of three years).

In this State we have a statute (Sec. 1897, R. S. 1909) excepting certain situations from the general provisions. It reads as follows: "If at any time when any cause of action herein specified accrues against any person who is a resident of this State, and he is absent therefrom, such action may be commenced within the times herein respectively limited, after the return of such person into the State; and if, after such cause of action shall have accrued, such person depart from and reside out of this State, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." The words, "who is a resident of this State," were not originally in the act; they were inserted in 1845. Prior to that time, if the defendant was not a resident of the State when the cause of action accrued, the statute did not begin to run until he became a resident of the State. [King v. Lane, 7 Mo. 241; Tagart v. Indiana, 15 Mo. 209.] But since the insertion of those words, it has been held that the statute began to run when the cause of action accrued, although the defendant was a nonresident. [Thomas v.

Black, 22 Mo. 330; Scroggs v. Daugherty, 53 Mo. 497; Fike v. Clark, 55 Mo. 105; Orr v. Wilmarth, 95 Mo. 212.] We are not advised as to any exceptions to the running of the statutes in Kansas, and must therefore assume the law there is like ours. [Davis v. McCall, 179 Mo. App. 198, 203.] Therefore we must hold that notwithstanding defendant was not a resident of Kansas when plaintiff's cause of action accrued against it, and is not now, yet the three-year statute of that State began to run when the cause, or causes, of action accrued, thus barring any action in that State on any claim which had accrued more than three years before this action was begun.

Now, as above stated, we have had since the revision of 1899, a statute (Sec. 1895, R. S. 1909) which reads as follows: "Whenever a cause of action has been fully barred by the laws of the State, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this State."

There can be no mistaking the meaning of that statute and its application to this case. But for such statute the period of limitation in this State (being a matter of remedy) would govern. But the claims older than three years, being plainly barred if the action had been brought in Kansas, must be held to be barred when the action is brought in this State. [Handlin v. Burchett, 270 Mo. 114; McCoy v. Railroad, 134 Mo. App. 622; Deal v. Railroad, 176 Mo. 8; Bemis v. Stanley, 93, Ill. 230; Lloyd v. Perry, 32 Iowa, 144.]

In the first of those cases Judge GRAVES in delivering the unanimous opinion of the Supreme Court said: "The cause of action having originated in the State of Iowa, if it was barred in that State, when instituted in this State, there can be no recovery by the plaintiff. Our statute, section 1895, Revised Statutes 1909, quoted in in the statement of facts, settles this question, and it is not contended otherwise by distinguished counsel for plaintiff. We start our consideration of the case with this question out of the way. Other questions must abide

the construction of the Iowa laws. This whole matter turns upon the question as to whether or not under the Iowa laws the plaintiff had a live cause of action, and one which could have been enforced in Iowa, at the time he instituted his suit in Missouri. If under the Iowa laws he had lost the right of action, in Iowa, prior to August 12, 1912 (the date of filing his suit in Missouri), he has no right of action here." In the McCoy case the cause of action (personal injury) was barred if it had been brought in Iowa and we held it to be necessarily barred here; and so in the Deal case, we applied our statute to a case originating in Oklahoma.

In the Bemis case the Supreme Court of Illinois said (p. 233) that "By the enactment of section 20, it was doubtless intended to close the doors of our courts to the enforcement of stale claims which could not be enforced in the State where the cause of action arose."

The same was decided in the Lloyd case. There the Iowa statute is similar to ours, except it is made to depend on the fact that the defendant had resided in the foreign State, while ours only requires that the cause of action shall have originated in the foreign State. This difference is of no importance as affecting the application of the decision in this case. The court said of the Iowa statute that there was "no room for construction; the language of the statue is too plain and the law too clearly within it, to admit. of any doubt as to its construction." We are cited by plaintiff to Williams v. Railroad, 123 Mo. 573; but that case was determined several years prior to the enactment of our statute in 1899. And, of course, can have no influence on cases arising since. We are also cited to Gross v. Watts, 206 Mo. 373, 396, 398. In that case the statute here involved was not construed or mentioned. So we are cited to Yost v. Railroad, 245 Mo. 219, 236-239. That case involved a common-law action arising in the State of Colorado for personal injuries. There was also a statutory action for the same cause, and there was a Statute of Limitation in that State to the statutory action limiting it to two years. The court held,

in an opinion by Judge BLAIR, that as the action brought was at common law, the limitation on a statutory action did not apply. It is clear that neither of these cases affect Handlin v. Burchett, 270 Mo. 114, supra.

Plaintiff in its reply pleaded an estoppel against defendant's right to interpose the Statute of Limitations, based on the ground that defendant requested delay in bringing the action until certain suits were determined. That after those suits were decided, defendant requested that no action be brought until it could check up all bills and ascertain if they were correct, and "that at the instance and request of the defendant, the plaintiff delayed its action on said account, and that by reason of the foregoing facts defendant is now estopped to plead that any portion of said account is barred by any Statute of Limitations."

There is no plea that defendant promised not to plead the statute; there is no allegation that defendant agreed to pay the disputed claim if plaintiff would delay beyond the period of limitation; in fact there is no allegation of any facts which would in any way show that either party had the matter of limitation in view. The utmost that can be allowed in plaintiff's favor, to the plea is that defendant put plaintiff off with a request for delay. If this were held to be good the application of the statute would be seriously limited; for such requests are urged by a large proportion of unready debtors.

But the evidence relied upon accounts for the meagre allegations. No promise was shown not to plead the statute, and we think the correspondence between the parties in no way shows that plaintiff was being misled. On the contrary there are reasonable inferences to be drawn therefrom that plaintiff was not relying on any requests from defendant. In Monroe v. Herrington, 110 Mo. App. 509, 518, Judge GOODE, after stating that it had been decided in Bridges v. Stephens, 132 Mo. 524, that a proper verbal agreement not to plead the Statute of Limitations was

valid, proceeded to discuss the necessary elements of such agreement, in the course of which he said that "mere reliance on the debtor's promise to pay if not sued, affords no ground for cutting him off from the defense when sued;" citing among other cases Andrae v. Redfield, 98 U. S. 255.

The judgment should be reversed and the cause remanded. All concur.