**ISTHMIAN STEAMSHIP COMPANY,**
now known as Tri-Coast Steamship
Company, Libelant,

v.

**UNITED STATES of America,**
Respondent.

United States District Court
S. D. New York.

Sept. 25, 1957.

See also 191 F.Supp. 338.

Kirlin, Campbell & Keating, New York City, for libelant.

Paul W. Williams, U. S. Atty., New York City, William H. Postner, Attorney, Admiralty & Shipping Section, Department of Justice, Washington, D. C., of counsel, for respondent appearing specially.

FREDERICK van PELT BRYAN, District Judge.

The libelant moves to overrule exceptions to a second amended libel which it filed after its first amended libel had been dismissed on exceptions with leave to plead over. See Memorandum of Judge Dawson dated October 3, 1956, D.C., 150 F.Supp. 191. Judge Dawson dismissed the first amended libel, containing a single cause of action, upon the ground that while it purported to allege an account stated, or, as the libelant contended, an open running mutual account, it failed to allege a cause of action on either theory, but alleged merely a series of claims and cross-claims, some of which were barred by the two year period of limitation contained in Section 5 of the Suits in Admiralty Act, 46 U.S.C.A. § 745, and some of which were not.

The second amended libel filed by the libelant to overcome the defects in the prior pleading pointed out by Judge Dawson contains three causes of action all laid under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. All of the causes of action relate to freight and demurrage charges on a large number of shipments of Government cargoes transported on libelant's vessels over a period of years. Respondent's exceptions to the second amended libel, apparently intended to relate to all three causes of action pleaded, are upon the grounds that it does not state facts sufficient to constitute a cause of action, that the court lacks jurisdiction over the subject matter since suit was not commenced within two years after the causes of action arose, as required by Section 5 of the Suits in Admiralty Act, 46 U.S.C.A. § 745, and that it does not conform to the prior decision of Judge Dawson.

The first cause of action in the second amended libel purports to plead an open running mutual account in an effort to avoid the bar of Section 5 of the Suits in Admiralty Act. The account is alleged to have arisen out of a series of transactions running over a period of years and relating to the shipment of Government cargoes aboard libelant's vessels and to have involved charges for freight, demurrage and services and deductions made by the Government for alleged damage or overcharge.

In this cause of action libelant attempts to overcome Judge Dawson's ruling that no account stated or mutual running account had been pleaded in the first amended libel. In my view it has failed to meet the objections which Judge Dawson pointed out in dismissing its prior pleading. The libelant repeats in substance the allegations of the first amended libel as to the long series of transactions between the parties relating to the shipments of Government cargoes aboard the libelant's vessels, charges therefor and later deductions and offsets made by the Government. It adds the pure conclusion that items as from time to time settled and adjusted comprised the "open mutual account so created".

This characterization does not aid the libelant. For the facts pleaded do not support the conclusion and, indeed, negative it.

As Judge Dawson pointed out, the very essence of a mutual account current is an agreement of the parties, either express or implied. The mere fact that each party is indebted to the other is plainly insufficient to establish a mutual account. Williston on Contracts (1938) § 2030.

There is no such agreement alleged and the facts show that there was not such an agreement. Each of the many shipments resulted in an obligation to pay freight and other charges on the part of the Gov-

ernment. Some of these items were paid in part only, and others were paid in full. The Government appears to have deducted alleged claims for damage to the shipments or for overcharges from other separate and independent bills submitted by the libelant at a later date. The libelant challenged the Government's failure to pay in full at the time the charge was due or the validity of the Government's deductions when they were made. Far from there being any agreement that there should be an open mutual running account, each party made separate, independent and conflicting claims with respect to separate and independent bills. The course of dealing between the parties reeks of disagreement and not of agreement.

■ Libelant alleges that "mutual settlement and adjustment of items and groups of items comprising the said account were made on various dates both prior to and after March 31, 1956". If an account has once been settled or stated by an agreement, the accrual of subsequent items does not open the original account. The statute of limitations runs from the date that the balance was struck. Williston on Contracts (1938) § 2030; Louisville and Nashville R. R. Co. v. United States, 47 Ct.Cl. 129.

■ Claims for freight charges and demurrage cannot be considered to constitute a running open mutual account where it appears that as each service was performed it was regarded as an accrued claim for which a bill was presented. St. Joseph & G. I. R. Co. v. Elwood Grain Co., 199 Mo.App. 432, 203 S.W. 680; see, also, Chicago, Milwaukee & St. P. R. Co. v. Frye & Co., 109 Wash. 68, 186 P. 668.

The first cause of action fails to state a claim predicated on either an account stated or an open mutual running account, but again asserts merely multiple causes of action for alleged breaches of contract, some of which are barred by the limitation period contained in Section 5 of the Suits in Admiralty Act, and some of which may not be. The exception to the first cause of action is sustained on the same grounds and for the same reasons stated in Judge Dawson's Memorandum.

■ The second cause of action alleges a series of charges due from the Government for freight, demurrage and services arising out of these shipments earned within two years prior to the commencement of the action, and, with one exception, within two years of the filing of the first amended libel. No reason has been advanced why a claim on which recovery may be had has not been stated in this cause of action. The exception to this cause of action is overruled.

■ The third cause of action, though somewhat confusing, apparently proceeds upon the theory that after the libelant had been paid in full for certain of the shipments, the Government thereafter deducted claims for alleged damage or overpayment arising from such shipments by offsetting them against other bills presented by libelant for subsequent and different shipments. These deductions were apparently made some time after the libelant's bills for the shipments had been paid in full, presumably after some sort of post-audit or recheck by the Government.

These claims are similar to those discussed in my opinion in Eastern Freight Ways, Inc. v. United States, D.C., 155 F. Supp. 22. As I there held, claims in this category accrued not when the original services were rendered, but when the offsets or deductions were made by the Government. Since the third cause of action alleges in substance that all of the offsets or deductions which plaintiff seeks to recover were made by the Government within two years of the filing of the libel and, with the exception of the first eight items, within two years of the filing of the amended libel, it seems clear that plaintiff has stated a valid cause of action for these items. If there are any questions as to whether some individual items may or may not be barred by the statute, these can be resolved at the trial. The exception to the third cause of action is also overruled.

There remains the respondent's exception that libelant should be required further to separately state and number its causes of action. I see no reason why this should be required. While there is still a formal requirement of separation in Admiralty Rule 22, 28 U.S.C.A., this should be construed in a practical way. As stated in Richardson & Sons v. Conners Marine Co., 2 Cir., 141 F.2d 226, 228:

"Since it is now recognized that repetitive verbosity does not make for clarity, refinements of separate statement are not now in favor."

The Admiralty Rule should be construed practically to accord with Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing that:

"Each claim founded upon a separate transaction or occurrence * * shall be stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth."

As a practical matter further separation here will not "facilitate the clear presentation of the matters set forth".

The second and third causes of action comprise approximately forty items, many of which are small in amount, some of them being $25 or less. It is true that each item constitutes a separate cause of action but the nature of each is sufficiently indicated in the schedules annexed to the second amended libel. It would impose an unwarranted burden on both the court and the parties if the libelant were required to repeat in its libel forty basic allegations which were all substantially the same. This would result in multiplication of paper work to no good purpose.

The exceptions to the libel on this ground are therefore overruled.

The exception taken to the first cause of action in the second amended libel are sustained, and this cause of action is dismissed. Since this is the third unsuccessful attempt by libelant to plead an account stated or an open mutual running account, it does not appear that any useful purpose would be served by permitting further pleading, and therefore libelant is not granted permission to plead over.

All other exceptions are overruled.

Settle order on notice.