EDWIN T. MATHEWS, Defendant in Error, v. D. R. APPLEBERRY, Plaintiff in Error.

| 57   615 |
| 128m584 |

### St. Louis Court of Appeals, April 17, 1894.

**Statute of Limitations:** EFFECT OF NONRESIDENCE. The statute of limitations runs against a demand, though the debtor is a nonresident of the state when the cause of action accrues, and remains one thereafter. The saving clause of the statute with reference to the absence of the debtor from the state applies only if he is a resident when the cause of action accrues.

*Error to the Louisiana Court of Common Pleas.*—HON. G. B. MACFARLANE, Special Judge.

REVERSED.

*W. H. Morrow* for plaintiff in error.

*Elijah Robinson* for defendant in error.

ROMBAUER, P. J.—This suit was instituted on the tenth day of March, 1888. The plaintiff's petition is founded on an account for goods sold, and money furnished by the plaintiff at defendant's request to one Celina Rose from 1870 to 1874. The petition states that on the —— day of ——, 1875, the plaintiff demanded payment, which was refused, and that since the accrual of said account the defendant has resided continuously outside of this state. The answer is a general denial, plea of the statute of frauds, and plea of the statute of limitations of five years. There was no reply.

Upon the trial of the cause the plaintiff gave evidence tending to show that the goods and money were furnished at the defendant's request, and that the defendant had been a nonresident of the state ever

since the year 1867. The defendant demurred to the evidence, but the court overruled the demurrer and rendered judgment for plaintiff, whereupon the defendant sued out this writ of error.

There is no conceivable theory on which this judgment can be supported. The plaintiff's petition states a cause of action admittedly barred by the statute of limitations. The statute is pleaded. There is no reply avoiding the statute, and the plaintiff's own evidence puts it beyond controversy that the cause of action is barred by the statute. The plaintiff and the court seem to have been of opinion that, if the defendant is a nonresident when the cause of action accrues and continues to be such, the statute does not run in his favor. This is a misconception of the statute. Section 3236 of the Revised Statutes of 1879 (6781, 1889) has reference only to persons who were residents of the state when the cause of action accrued. *Thomas v. Black*, 22 Mo. 330; *Scroggs v. Daugherty*, 53 Mo. 497; *Orr v. Wilmarth*, 95 Mo. 216; *Mastin v. Tilleston*, 33 Mo. App. 622.

All the judges concurring, the judgment is reversed.