[No. 9573.   Department One.   July 22, 1911.]

R. H. McELROY, *Respondent*, v. G. W. GATES, *Appellant*.[1]

LIMITATION OF ACTIONS—BETWEEN NONRESIDENTS.   Under Rem. & Bal. Code, § 178, a right of action arising in another state between nonresidents of this state, is not barred when it is not barred by the statutes of the state where it arose.

LIMITATION OF ACTIONS—LAWS OF OTHER STATE — NONRESIDENTS. Rev. Stat. of Missouri, 1909, § 1897, providing that if, when an action accrues against a resident of such state, he be absent therefrom, such action may be commenced within the time limited therefor after the return of such person to the state, only applies to persons who are residents of the state of Missouri when the action accrues.

LIMITATION OF ACTIONS—ACCRUAL IN OTHER STATE—FACT OF NON-RESIDENCE—BURDEN OF PROOF—EVIDENCE—SUFFICIENCY.   Where a resident of Missouri made a note, and left the state before its maturity, and claims that the note is now outlawed by the laws of such state because he was not a resident of the state at the time it accrued, it is incumbent upon him to prove his nonresidence at such time; and it is not sufficient to show that when the note matured he was roving about outside of the state with no fixed abode, the presumption being that he was temporarily absent and a resident of Missouri until he established a residence elsewhere.

GOSE, J., dissents.

[1]Reported in 116 Pac. 845.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 24, 1911, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on promissory notes. Affirmed.

*Higgins, Hall & Halverstadt,* for appellant.

*James W. Reynolds,* for respondent.

MOUNT, J.—The plaintiff brought this action to recover upon four promissory notes, indorsed by the defendant, for whose benefit the notes were made. The case was tried to the court without a jury. Judgment was entered in favor of the plaintiff for the full amount of the notes. The defendant has appealed.

It appears that the four notes were executed on August 18, 1896, in the state of Missouri, where both parties then resided. The notes matured in twelve, eighteen, twenty-four, and thirty months, respectively, after date. After maturity of the first note and before the maturity of the other three, the defendant left the state of Missouri, and has never returned thereto. At the time this action was begun, the plaintiff was a resident of Missouri and the defendant was a resident of the state of Oregon. The action was brought in this state more than ten years after maturity of the last note. The defendant pleaded the statute of limitations, and now argues that, under the facts proven, the last three notes are barred. Our statute upon the question is as follows:

"When the cause of action has arisen in another state, territory, or country between nonresidents of this state, and by the laws of the state, territory, or country where the action arose an action cannot be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this state." Rem. & Bal. Code, § 178.

The cause of action arose in another state. The parties are nonresidents of this state. One of them is a resident of Missouri and the other of Oregon. The notes were held by

the respondent in Missouri at the time they matured.    The
appellant has presented a forceful argument, supported by
many authorities, to the effect that a cause of action accrued
or arose in the state of Missouri at the maturity of each note;
and he also argues, under the Missouri statutes which are
pleaded and proved, that the last three notes are barred be-
cause the appellant was a nonresident of that state at the time
of the maturity of these notes.    If the causes of action based
upon the last three notes arose in Missouri and are barred by
the statutes of that state, then, by the terms of our statute
above quoted, no action shall be maintained thereon.    We
think we may concede, for the purposes of this case, that the
causes of action arose or accrued in the state of Missouri, as
argued by the appellant.    The question then is, are they
barred by the Missouri statutes?    The Missouri statutes pro-
vide, at §§ 6773 and 6774, Revised Statutes of Missouri,
1889, that an action upon any writing for the payment of
money shall be commenced within ten years.    Section 6781
of the same statute provides:

"If at any time when any cause of action herein specified
accrues against any person who is a resident of this state,
and he is absent therefrom, such action may be commenced
within the times herein respectively limited, after the return
of such person into the state; and if, after such cause of action
shall have accrued, such person depart from and reside out of
this state, the time of his absence shall not be deemed or taken
as any part of the time limited for the commencement of such
action."

See, also, § 1897, Revised Statutes of Missouri, 1909.

It is claimed by the appellant that this statute has been
construed by the Missouri courts to mean that there is no
suspension of the statute in cases where the defendant is a
nonresident when the cause of action accrued, citing *Thomas
v. Black*, 22 Mo. 330, and subsequent cases.    These cases do
hold to the construction stated, but they all arose where the
defendants were actual nonresidents of Missouri when the con-
tracts sued upon were entered into, and when the right to sue

arose.   The cases were clearly within the statute.   In the case cited, the court said:

"This case is obviously within the body of the statute. The action accrued in January, 1840, and suit was not brought until October, 1854, more than fourteen years after the cause of action accrued.   Now is it within the exception made in the 7th section above quoted?   We think that it is not.   The person mentioned, as against whom the cause of action accrues in that section, must, at the time it accrues, be a resident of this state.   Then, if he, though a resident of this state, be out of it when the action accrues, the action may be brought within the time limited, after the return of such person into the state.   The person must be a resident of this state when the action accrues.   Here the defendant was a nonresident; he was living in Kentucky, and there continued to live until long after the cause of action accrued.   He is not such a defendant as the seventh section was designed to embrace; nor is he embraced by its provisions."

No case has been cited to us from that state where it has been held that the action is barred when the parties were residents at the time the note was made, and when, before the note became due, the maker left the state and remained away. If the defendant was a resident of Missouri when the action accrued, the statute did not run against the notes for the reasons stated in that case.   Upon the question of the residence of the defendant, the trial court in this case found as follows:

"That about the latter part of 1897, and a short time before the note set forth in the second cause of action fell due, defendant G. W. Gates absented and removed himself from the state of Missouri, and for several years thereafter was unstable and shifting in his whereabouts, having no permanent residence, and his address and whereabouts were unknown to the plaintiff, and at no time thereafter did the defendant return to or resume his residence in the state of Missouri so that service of process could be made on him therein.   According to defendant's statements and his best recollection, he was in Havana, Cuba, in February, 1898; Ft. Worth, Texas, in August 1898; and in Pittsburgh, Penn-

sylvania, in February, 1899. In the fall of 1900 he was also in Pittsburgh. That said G. W. Gates now is and was at the time of the institution of this suit a resident of the state of Oregon, but the evidence wholly fails to show when he became a resident thereof; that neither the plaintiff nor the defendant herein have ever at any time been residents of the state of Washington."

These findings are in accord with the evidence. They do not show that the defendant was a nonresident of the state of Missouri at the time the action accrued. He was simply absent from that state at that time, apparently roving about with no other fixed abode. If defendant was a nonresident at that time, it devolved upon him to show that fact, and failing to do so, the presumption is that he continued to be a resident of Missouri and was temporarily absent therefrom, at least until he established a residence elsewhere. This brings the case within the first clause of the statute, and under the decision above cited, the statute has not yet begun to run against the last three notes. It would seem a strange construction of the Missouri statute to hold that a resident of that state might, in the same transaction, make two notes on the same day, one of which matured in twelve months, and the other in eighteen months, and continue to reside in that state for fifteen months and thereby start the statute running as to the first note; then leave the state with no other fixed abode, and after remaining absent ten years, be heard to say that the first note upon which the statute began to run was not barred, while the other note was barred. We are satisfied that the Missouri statute was intended to cover cases like this. No case is cited to the contrary.

We are satisfied that the action is not barred in Missouri, and it follows that the judgment must be affirmed.

Dunbar, C. J., Fullerton, and Parker, JJ., concur.

Gose, J. (dissenting)—I think the reasonable inference from the evidence is that the appellant was a nonresident of

the state of Missouri when the cause of action accrued, and that the notes are barred by the statute. I therefore dissent.