## P. J. KAMPER v. HUNTER LAND COMPANY.[1]

### July 16, 1920.

### No. 21,839.

**Contract — when executed by agent in another state.**

1. Where an agent is authorized to enter into contracts in a state other than that of the residence of his principal, the place where he exercises that authority is the place of contract.

**Broker — offer and acceptance of agency contract in Florida.**

2. Officers and agents of defendant, in charge of a department maintained by it in the state of Florida for the sale of lands therein, had authority to enter into and conclude land contracts in that state; in the exercise thereof they entered into a contract with plaintiff, by which they offered on behalf of defendant to pay him a reasonable commission for the sale of certain timber in said state at a stated price per thousand feet; plaintiff accepted the offer and subsequently presented to the Florida office a purchaser ready, able and willing to buy the timber at the price named; all of which took place in the state of Florida. It is *held* that the contract was a Florida and not a Minnesota transaction, though defendant was a Minnesota corporation with its principal headquarters in this state.

**Same — action for commission barred by statute.**

3. At the time of the commencement of the action the claim for services rendered under the contract was barred by the statute of limitations of the state of Florida, and by force of G. S. 1913, § 7709, of this state, is also barred here.

---

Action in the district court for Benton county to recover $1,728 as broker's commission. The case was tried before Hale, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony denied defendant's motion for a directed ver-

[1] Reported in 178 N. W. 747.
146 M.—22.

dict, and a jury which returned a verdict for $930. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and remanded with directions to render judgment for defendant notwithstanding the verdict.

*Jamison, Swan, Stinchfield & Mackall,* for appellant.

*C. B. Smith,* for respondent.

BROWN, C. J.

Action to recover for services as a real estate broker, in which plaintiff had a verdict and defendant appealed from an order denying a new trial.

The complaint is in the usual form, alleging the performance of the services for which recovery is sought, and that they were reasonably worth and of the value of the sum of $1,728. In addition to a general denial defendant interposed in defense that the contract relied upon by plaintiff arose out of a transaction had by the parties in the state of Florida in October, 1912, and that the claim of plaintiff is barred by the statute of limitations of that state, therefore, by force of G. S. 1913, § 7709, of this state the claim is also barred here. In reply plaintiff alleged that the contract was made and entered into in this state and not in the state of Florida.

The assignments of error present several questions, only one of which, namely, the statute of limitations, requires attention. Our conclusion upon that question renders unnecessary a consideration or decision of any of the other points involved, and we pass them without statement or comment, coming directly to that as the controlling feature of the case. And, although there is a sharp conflict in the evidence upon the question whether there was any contract between the parties at all, we accept, for the purposes of the case, that presented by plaintiff as expressing the fact, and determine therefrom whether the contract was a Florida or Minnesota transaction.

Defendant is a Minnesota corporation, with its general business headquarters in this state, and during the years 1911, 1912 and 1913, was engaged in the sale of lands owned by it in the state of Florida. The company was also acting as the agent of the Southern Colonization Company, a Florida corporation with headquarters in this state, in the

sale of land owned by that company in the state of Florida. Defendant maintained offices in the state of Florida, in the vicinity of the lands so being sold, in charge of officers and agents with full authority to enter into contracts of sale of the character of that involved in this action. The colonization company owned large tracts of standing timber in Florida, some 3,000,000 or more feet, which plaintiff claims defendant was authorized to sell as the agent of that company. That timber forms the subject matter of this controversy.

During the years stated plaintiff was a resident of the state of Iowa. He was a real estate broker, and under written contracts had been acting as such for defendant in the sale of its Florida lands. He claims, and so testified, that in February, 1912, the officers and agents of defendant so in charge of its Florida department at the headquarters of the company in that state solicited him to turn his attention to the colonization company's timber and endeavor to effect a sale of the same, agreeing, if he found a purchaser for $3 per thousand feet, to pay him a reasonable commission for his services. Plaintiff accepted the offer, and set about to find a purchaser. The agreement was oral and wholly independent of his then existing written contract with defendant, under which he was engaged in selling the lands of defendant on a commission basis.

It appears without dispute that defendant did not own the timber, but plaintiff was not advised of that fact until after he had procured a purchaser as he was authorized to do under the contract. The colonization company owned the timber, but for the purposes of this case it must be assumed that defendant had authority to sell it and on the terms indicated by the contract with plaintiff.

Soon after entering into the contract plaintiff turned his attention toward its performance. He came to this state in March, 1912, with a view of interesting his brother, a resident of this state and a lumberman of some experience, and of inducing him if possible to buy the timber. On his way to the residence of his brother at Foley, this state, plaintiff called at the office of defendant in Minneapolis, and advised the secretary of the company of his arrangements with the Florida agency and made inquiry as to his compensation. The secretary expressed

satisfaction with the agreement, and assured plaintiff that he would be paid a commission if he procured a purchaser. Plaintiff subsequently induced his brother to go to Florida and look into the matter, and he did so in September, 1912. He was shown the timber by the agents of defendant in charge of the Florida office, those who made the agreement with plaintiff, and, at the conclusion of negotiations then had, he accepted the proposition made to him, and agreed to purchase the timber at $3 per thousand feet. He was financially able to handle the matter and was acceptable to defendant's Florida agents. But the colonization company repudiated the sale so attempted to be made in its behalf, and refused compliance therewith.

On the claim that plaintiff had fully performed the contract by the production of his brother as a purchaser of the timber ready, able and willing to buy the same, and accepted as such by the agents of defendant, plaintiff soon thereafter made claim to his commission. The Florida agents, to whom the claim was presented, disclaimed having made any agreement with plaintiff on the subject at all, and the company refused to recognize or pay his claim. This action to recover the same was not commenced until June, 1918, some five years and six months after he had performed the contract in October, 1912, the time when he presented the purchaser for the timber to the Florida office.

On the facts stated the transaction on which plaintiff relies was clearly a Florida contract. It was in fact entered into in that state with agents authorized to act for defendant; the subject matter, the timber, was in that state, and plaintiff fully performed the same when he presented to the Florida office a purchaser ready, able and willing to purchase the timber on the terms prescribed. The facts bring the case within the general rule that, where an agent is authorized to enter into contracts on behalf of his principal in a state other than that of the residence of the principal, the place where he exercises such authority is the place of contract, unless a contrary intention of the parties is shown, or clearly appears from the nature of the transaction or the obligations thereby created. 1 Dunnell, Minn. Dig. § 1532; 12 C. J. 451; 5 R. C. L. 934; Succession of Welsh, 111 La. 801, 35 South. 913, 64 L.R.A. 823, and citations.

The rule is well settled and finds an illustration in the sales agent with authority to make contracts who goes from state to state in selling the goods of his principal or taking orders therefor. Contracts so entered into by him have their situs in the state where made, even though the act of delivery by the principal, or payment by the debtor, takes place in the state where the principal resides. The rule is inapplicable, however, where the agent is without authority to conclude a contract and the transactions entered into by him remain executory and subject to the approval of the principal. 5 R. C. L. 960, 961. But there were no restrictions on the authority of the Florida agents in this case. Nor does the fact that the secretary of the defendant expressed approval of the contract when informed of it by plaintiff affect the question in any way. His approval was not necessary under the facts disclosed.

The presentation of the purchaser at the Florida office was a full performance of the contract by plaintiff (McDonald v. Smith, 99 Minn. 42, 108 N. W. 290), and it was not necessary that he be presented to the Minnesota office. The contract then was a Florida transaction, and the right of action thereon is by the laws of that state limited to five years. That time had expired when the action was commenced in this state, and by force of our statutes, G. S. 1913, § 7709, the right of action is also barred here. Defendant requested an instructed verdict on this ground and it was refused. The refusal was error. Defendant was subject to suit in Florida during the five-year limitation prescribed by the statutes of that state.

It follows that the order appealed from must be reversed and the cause remanded with directions to render judgment for defendant notwithstanding the verdict for plaintiff.

It is so ordered.