Bell, J.,
 

 dissenting. Because of the importance of the pronouncement in this case I am constrained to set forth as briefly as possible the reasons for my dissent.
 

 The decision in the instant case is bottomed upon the conclusion reached in the case of the
 
 Alropa Corp.
 
 v.
 
 Kirchwehm,
 
 138 Ohio St., 30, 33 N. E. (2d), 655.
 

 The facts in the instant case are set forth in the majority opinion.
 

 The case was decided upon demurrer to the amended petition. The single question is, “Was this action commenced within the time limited by law?”
 

 There is little or no diversity of opinion upon the proposition that the law of the place where a contract is made and to be performed governs in construction and effect
 
 (lex contractus)
 
 and the law of the. forum is to be applied in matters as to the remedy
 
 (lex fori).
 
 The limitation as to the time for the commencement of the action is a matter of remedy.
 

 The majority decision recognizes that the law of Florida governs the construction and effect of these instruments, and that by virtue of the decisions of the Supreme Court of Florida they are contracts under seal in that state.
 
 Brownson
 
 v.
 
 Hannah,
 
 93 Fla., 223,
 
 *389
 
 111 So., 731, 51 A. L. R., 976;
 
 Berns
 
 v.
 
 Harrison,
 
 100 Fla., 1105, 131 So., 654.
 

 It is further recognized that the statute of limitation ■of Florida for a contract under seal is 20 years.
 

 There is no statute in Ohio specifically providing a limitation for the commencement of actions on contracts under seal, by that name.
 

 Section 11221, General Code, provides:
 

 “An action upon a
 
 specialty
 
 or an agreement, contract or promise in writing shall be brought within .fifteen years after the cause thereof accrued.” (Italics mine.)
 

 The first question to be considered, therefore, is whether a Florida contract under seal is a
 
 specialty
 
 when sued on in Ohio. The majority answer this ■question in the negative.
 

 It is said by Matthias, J., in the
 
 Alropa case,
 
 at page ■33:
 

 “While an instrument bearing a private seal is a specialty, so are foreign judgments and public bonds, and this section does not in any way conflict with Section 32, General Code, which has abolished private seals. Section 11221, General Code, is modified by the ■enactment of Section 32, General Code, to the extent that the word ‘specialty’ in Ohio no longer includes instruments bearing private seals.” '
 

 If this be the correct construction of Section 32, General Code, then in my view the section is unconstitutional.
 

 Let us for a moment consider the provisions of these two sections of the General Code.
 

 Section 11221 was originally passed by the General Assembly February 25, 1824 (22 Ohio Laws, 325). In ■substantially its present form it was passed as part of the Code of Civil Procedure (51 Ohio Laws, 57) which became effective July 1, 1853.
 

 
 *390
 
 That portion of Section 32, General Code, abolishing private seals was passed on March 29, 1883 (80 Ohio Laws, 79), almost 30 years after the enactment of Section 11221 in substantially its present form. The last sentence of Section 32, General Code, réads as follows:
 

 “Private seals are abolished, and the affixing of what has been known as a private seal to an instrument shall not give such instrument additional force or effect, or change the construction thereof.”
 

 There is nothing in this language disclosing any legislative intent to in any manner modify Section 11221, General Code, and I believe the correct construction of this sentence is that private seals are abolished in connection with written instruments executed in Ohio. No language is used which indicates that the General Assembly intended to deny recognition in this state to instruments under seal executed in foreign states wherein private seals were and are required in the execution of certain -written instruments.
 

 If the instruments upon which this action was based were
 
 specialties
 
 under our statute, there can be no escape from the conclusion that the action was commenced within the limitation provided in Section 11221, General Code. That brings us to the inquiry, “AYhat is a specialty?”
 

 Webster’s International Dictionary, second edition unabridged, defines the word as follows:
 

 “Specialty. A contract or obligation under seal.” Webster’s International Dictionary of the English language defines it as follows:
 

 “Specialty. A contract or obligation under seal; a contract by deed; a writing under seal given as security for a debt particularly specified.”
 

 Bailen tine’s Law Dictionary reads:
 

 “Specialty. It is an instrument under seal where
 
 *391
 
 by the obligor binds himself to pay a certain sum of money to the obligee on a day appointed.”
 

 In addition to these definitions the decisions which ■define this word are numerous.
 

 In
 
 Brainerd
 
 v.
 
 Stewart,
 
 33 Vt., 402, page 404, it is said:
 

 “Indeed we apprehend it is universally understood that by the word specialty is meant a sealed instrument, and in that sense undoubtedly it was used in the section under consideration.”
 

 In
 
 Elsasser
 
 v.
 
 Haines,
 
 52 N. J. Law, 10, 18 A., 1095, the Supreme Court of New Jersey used this language:
 

 “ ‘Specialty,’ a word which, in its technical signification, imports an instrument under seal for the pay-' ment of money. The term ‘specialty,’ it is true, is sometimes employed in a loose way of being invested with a more extensive meaning; but when precision is important the term is used with the limited force just assigned to it.” Many others might be collected.
 

 The instruments upon which suit was brought certainly fit the definition of the word
 
 specialty
 
 as used and understood in the law.
 

 Does Section 32, General Code, modify Section 11221, General Code?
 

 It is a rule of statutory construction that modification of a statute by implication is not favored and will not be indulged unless necessary to give effect to a clear legislative intent.
 

 I can find no language in Section 32, General Code, indicating a clear legislative intent to modify Section 11221, General Code. Had the General Assembly so intended it could have omitted this word
 
 specialty
 
 or used some language to indicate that such word was there used in some limited sense. The General Assembly having passed what is now Section 32, General Code, many years after the passage of what is now Section 11221, General Code, must be presumed to
 
 *392
 
 have known the commonly accepted meaning of the-word
 
 specialty
 
 as used in the previously enacted statute. Unless the word
 
 specialty
 
 as used in Section 11221, General Code, means a contract under seal from a foreign state, then it is mere surplusage and meaningless. •
 

 It is my opinion that the instruments sued on are-
 
 specialties
 
 under Section 11221, General Code, that the-fifteen-year limitation provided therein applies and that the action was commenced within time.
 

 Let us assume for the sake of argument, however,, that this reasoning is fallacious and the conclusion is-unsound. How then stands the case?
 

 If these instruments had been executed and were to-be performed in.Ohio it would make no material difference whether the conclusion be reached that the suit, is based upon
 
 specialties
 
 or upon
 
 contracts m writing -
 
 Under either of those circumstances Section 11221,. General Code, would apply and the action could be maintained.
 

 These instruments, however, were executed and were to be performed in Florida and if they are correctly construed as simple contracts in writing in Ohio then it is necessary to consider the application, if any, of Section 11234, General Code, which reads as follows:
 

 “If the laws of any state or country
 
 ivhere the cause of action arose
 
 limits the time for commencement of the action to a less number of years than do the statutes of this state in
 
 like causes of action
 
 then said cause of action shall be barred in this state at the expiration of said lesser number of years.” (Italics mine.)
 

 This section is what is known as a borrowing statute. By its terms the statute of limitation of the state where the cause of action arose is borrowed by and applies in Ohio if the action is barred in such foreign state in a lesser number of years than in Ohio. I can
 
 *393
 
 not find one case which holds that a borrowed statute will be applied unless such statute would be a bar if the action was commenced in the state enacting the statute.
 

 The majority conclude that this statute has application to the situation presented and (after changing, by construction, these contracts from Florida contracts under seal to simple contracts in writing) apply Section 4663 of the Compiled General Laws of Florida which provides a five-year limitation on simple contracts in writing, and decide that this action is barred under the provisions of that statute, by virtue of the borrowing provision of Section 11234, General Code.
 

 The purpose of Section 11234, General Code, is to apply in Ohio the same rule of limitation as would be applied if the action had been commenced in the state in which the cause of action originated, thereby preventing the maintaining of a suit in this state upon a ■claim which is barred by the state where the cause of action originated.
 

 Section 11234, General Code, in my judgment has no application to this case for two very potent reasons.
 

 First. Section 11234, General Code, applies only where there are
 
 like causes of action.
 

 There can be no foundation for even a suggestion that this action would have been barred in Florida, if the action could have been commenced and defendant served within that state, it being conceded that plaintiff had twenty years after breach to bring his action there..
 

 The form of action is procedural but this procedural question turns upon a question of substance as to the quality of the instruments (contracts under seal) and the quality of the instruments is to be determined by the law of Florida. See
 
 Burns Mortgage Co.
 
 v.
 
 Fried,
 
 292 U. S., 487, 78 L. Ed., 1380, 54 S. Ct., 813;
 
 Irving National Bank
 
 v.
 
 Law,
 
 10 F. (2d), 721;
 
 McElroy
 
 v.
 
 *394
 

 Gates,
 
 64 Wash., 249, 116 P., 845;
 
 Hanna
 
 v.
 
 Stedman,
 
 230 N. Y., 326, 130 N. E., 566;
 
 Klotz
 
 v.
 
 Angle et al., Exrs.,
 
 220 N. Y., 347, 116 N. E., 24.
 

 The action in Florida would have been one upon instruments under seal and there is no
 
 like cause of action
 
 in Ohio unless these instruments be held to be
 
 specialties.
 

 The phrase
 
 like cail'se of action
 
 as used in the statute should be construed to mean that plaintiff could maintain the identical action in either Ohio or the foreign state.
 

 No one would seriously contend that a cause of action on a simple contract in Ohio is identical with a cause of action upon an instrument under seal in Florida.
 

 The burden of proof is not the same in the one as the other, nor the time of commencement, and therefore they are not
 
 like causes of action.
 

 Second. Section 11234, General Code, applies only where the law of the state
 
 where the cause of action arose
 
 has a lesser, limit of time than Ohio.
 

 The majority hold that the cause of action accrued in Florida at the time of the breach.
 

 This brings us' to the single factual difference between this case and the
 
 Atropa case.
 

 The amended petition in the instant case alleges, and the demurrer admits, that “at the time the cause of action, upon which this suit is based, accrued against him, to wit, on or about November 5, 1927, the defendant, J. A. Kirchwehm, was out of the state of Florida, has been absent from the state of Florida at all times since then, and never resided in the state of Florida.”
 

 Section 4648, paragraph 4, Compiled General Laws of Florida, reads in part as follows:
 

 “Absence of defendant from the state. — If, when the cause of action shall accrue against a person, he is out
 
 *395
 
 of the state, the action may be commenced within the term herein limited after his return to the state # * V’
 

 We have then for consideration this situation. A resident of Ohio goes to Florida, enters into certain contracts under seal, leaves Florida before breach and remains out-of that state thereafter and when sued in Ohio upon his breached contracts attempts to avoid liability by setting up the statute of limitation not of the state of his residence, but the five-year statute of limitation of Florida which would have no application if sued there. In other words he seeks to take advantage of his own wrong.
 

 Where did this cause of action accrue?
 

 11 American Jurisprudence, 513, Section 197, Conflict of Laws, reads in part:
 

 ‘ ‘ * * * From practical considerations, it has been held that a cause of action does not arise at a place where, because of defendant’s absence, no right could be enforced, and hence that a statute admitting the bar of the place where the action arose applies the bar of defendant’s residence.” See
 
 Bruner
 
 v.
 
 Martin,
 
 76 Kan., 862, 93 P., 165, 123 Am. St. Rep., 172;
 
 Lewis
 
 v.
 
 Hymans,
 
 26 Nev., 68, 63 P., 126, 99 Am. St. Rep., 677.
 

 The weight of authority would seem to hold that a cause of action accrues only where a right of action can be enforced. See
 
 Timmonds
 
 v.
 
 Messner,
 
 109 Kan., 518, 200 P., 270;
 
 Drake
 
 v.
 
 Bigelow,
 
 93 Minn., 112, 100 N. W., 664;
 
 Kamper
 
 v.
 
 Hunter Land Co.,
 
 146 Minn., 337, 178 N. W., 747;
 
 Lewis
 
 v.
 
 Hymans, supra,
 
 and many other cases collected in 75 A. L. R., beginning at page 203.
 

 In
 
 Bruner
 
 v.
 
 Martin, supra,
 
 at page 868, it is said:
 

 “In a case where the note is not paid when it matures, and the payee is alive, or, if dead, there is a personal representative, a cause of action arises out of the failure of the payor to perform the obligation. The place where it arises is the place where some court has jurisdiction of the subject matter and the party against
 
 *396
 
 whom the cause of action has arisen. The cases referred to, holding that the cause of action arises where the contract was entered into, ignore the true definition of a cause of action and confuse it with the subject of action.”
 

 In 25 Cyc., 1067, it is said:
 

 “The true test therefore to determine when a cause of action has accrued is to ascertain the time when plaintiff could first have maintained his action to a successful result.”
 

 To the same effect see
 
 Freundt
 
 v.
 
 Hahn,
 
 24 Wash., 8, 63 P., 1107, 85 Am. St. Rep., 939;
 
 Osgood
 
 v.
 
 Artt,
 
 10 F., 365.
 

 In
 
 Drake
 
 v.
 
 Bigelow,
 
 93 Minn., page 112, the court at page 114 uses this language:
 

 “In
 
 Luce
 
 v.
 
 Clarke,
 
 49 Minn., 356, 51 N. W., 1162, in discussing the provision of Section 5146 [which statute relates to limitations of actions], the court called attention to the fact that all statutes of limitation, in prescribing the periods, have reference for the beginning of such period to the time when the opportunity to commence such action arises, and that the concurrence of two things is necessary to' make the opportunity to commence an action, to wit, the existence of the facts constituting a cause of action suable in the courts of that state, and the presence in it of the defendant in such cause of action.”
 

 Statutes of limitation are akin to statutes providing for penalties and should be most strictly construed. However, by the conclusion of the majority, the defendant below, who was never a resident of Florida, is given the benefit of a Florida statute of limitation which concededly would have no application if the action had been prosecuted in Florida.
 

 It was not the purpose or intent of the General Assembly to make Section 11234, General Code, the ve
 
 *397
 
 hide for borrowing a statute of limitation of another state to bar an action in Ohio unless such borrowed statute would also bar the action if prosecuted in that, state.
 

 In the instant case the cause of action never accrued in the state of Florida but did accrue in the state of Ohio upon default of payment of the notes; neither Section 11234, General Code, nor the statute of limitation of Florida has application to this case.
 

 Whether these instruments are
 
 specialties
 
 or simple contracts in writing, Section 11221, General Code, applies, the action is not barred and the Court of Appeals was correct in so holding.
 

 I have examined all of the cases cited in the opinion in the
 
 Alropa case, supra,
 
 and in my judgment neither singly nor collectively do they warrant the conclusion therein reached.
 

 The decision in the
 
 Alropa case, supra,
 
 and the conclusion here reached by the majority, failjd to grant full faith and credit to the public acts, records and judicial proceedings of foreign states insofar as concerns instruments under seal, and its seems to me that both decisions are in head-on collision with at least two provisions of the Constitution of the United States.